HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
W. DANIEL CLINTON - 53306
AMY L. KEYSER - 160990
333 Market Street, 21st Floor
San Francisco, CA 94105-2173
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366
dclinton@hansonbridgett.com
akeyser@hansonbridgett.com

Attorneys for Defendant
DELL MARKETING L.P.

E-Filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARDI STRAUSS,

        Plaintiff,

v.

DELL MARKETING L.P.,

        Defendant.

No. C 05-1652 VRW

**STIPULATED PROTECTIVE ORDER**

      Subject to the approval of this Court, the parties hereby stipulate to the following Protective Order:

      1.     In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "CONFIDENTIAL" under the terms of this Stipulated Protective Order (hereinafter "Order"). CONFIDENTIAL information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures or any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. CONFIDENTIAL information also includes private or

personnel information of non-parties to the litigation.

By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. CONFIDENTIAL documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as CONFIDENTIAL, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL, and/or label such portions appropriately.

4. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. CONFIDENTIAL MATERIAL produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, or secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

1  (e)  any other person as to whom the parties in writing agree.

Prior to receiving any CONFIDENTIAL MATERIAL, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.  Depositions shall be taken only in the presence of qualified persons.

7.  If CONFIDENTIAL information that is relevant to the litigation exists, which a party reasonably believes constitutes highly confidential business or proprietary information and/or trade secrets that should not be disclosed to the other party but only to that party's counsel, the parties agree that the party seeking to protect such CONFIDENTIAL information will advise the other party and attempt to work out a mutually agreed upon solution. If the parties are unable to reach an agreement with respect to such CONFIDENTIAL information, the party seeking to protect such CONFIDENTIAL information will seek a protective order from the Court in accordance with paragraph 11 of this Order.

8.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own CONFIDENTIAL MATERIAL as it deems appropriate.

9.  If CONFIDENTIAL MATERIAL, including any portion of a deposition transcript designated as CONFIDENTIAL, is included in any papers to be filed in Court, such papers shall be labeled "CONFIDENTIAL — SUBJECT TO COURT ORDER" and filed under seal in accordance with the procedures specified by Northern District Local Rule 79-5.

10.  In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its CONFIDENTIAL status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.  This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is CONFIDENTIAL or whether its use should be restricted, or (ii) to present a motion to the court

- 3 -

STIPULATED PROTECTIVE ORDER
(CASE NO. C 05-1652 VRW)

1207464.1

1. under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. Any such request for assistance from the Court, whether made by motion or otherwise, shall be brought in accordance with the provisions of the Court's Standing Order. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. The Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, materials and deposition transcripts designed as CONFIDENTIAL and all copies of same, or shall certify the destruction thereof.

IT IS SO STIPULATED.

- 4 -

STIPULATED PROTECTIVE ORDER
(CASE NO. C 05-1652 VRW)

1207464.1

DATED: August 30, 2005

LAW OFFICES OF
MICHAEL S. SORGEN

By: *[signature]*

MICHAEL S. SORGEN
Attorneys for Plaintiff
MARDI STRAUSS

DATED: September 7, 2005

HANSON, BRIDGETT, MARCUS,
VLAHOS & RUDY, LLP

By: *[signature]*

W. DANIEL CLINTON
AMY L. KEYSER
Attorneys for Defendant
DELL MARKETING L.P.

IT IS SO ORDERED.

DATED: _____, 2005

*[signature]*

The Honorable Vaughn R. Walker

Attachment A

# NONDISCLOSURE AGREEMENT

I, _____, do so solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Mardi Strauss v. Dell Marketing L.P.*, United States District Court for the Northern District of California, Civil Action No. C 05-1652 VRW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____

_____
Signature

_____
Printed Name